No. 517

STATE SAVINGS & TRUST CO. v. GRADY et al

Ohio Appeals, Ninth District, Summit County
No. 716. Decided March 29, 1923
This opinion has not been published except in Abstract.

PROMISSORY NOTES—(1) Endorser of guarantor absolved from liability where creditor participates in fraud in securing signature—(2) Verdict not manifestly against weight of evidence—(3) Note issued without consideration—(4) Degree of evidence necessary where the facts constituting fraud amount to criminal offense.

Middleton, Sayre and Mauck, JJ., Fourth District, Sitting

MAUCK, J.

Epitomized Opinion

This was an action brought by the bank, the payee of a cognovit note in the sum of $20,195.17. After judgment was obtained by confession, the defendant sureties filed motions to open up these judgments so that they might be permitted to make their defenses. These motions were sustained. Thereupon the sureties filed two defenses, namely, that the note was without consideration, and that they were accommondation endorsers. The evidence disclosed that Pryer, the principal debtor, had made and delivered to one Albright of notes secured by chattel mortgages. Pryer and Albright were engaged in selling automobiles, Pryer being a sub-agent of Albright. In selling automobiles it became necessary to handle many second-hand cars. Consequently Pryer opened up an establishment in which he handled second-hand cars. Pryer would give his note and a chattel mortgage on each car purchased to Albright, who discounted the same at the bank. Pryer would then resell the car. This scheme continued for some time before the bank official discovered that they had no security fo rthe notes. Under the coercion of criminal prosecution, Pryer gave the note in question to the bank, and procured the signatures of defendants through false representations. Just before the note was given, the bank compelled Pryer to give it a mortgage on his property, which fact was unknown to the accommodation endorsers of the note. The evidence was in conflict as to whether the bank participated in the fraud. The jury returned a verdict for the defendants, whereupon the bank prosecuted error. In sustaining the judgment the Court of Appeals held:

1. If a creditor induces a surety or grantor to enter into a contract of suretyship or guaranty by any fraudulent concealment or misrepresentation of a material fact, the surety or guarantor will be released.

2. As there was ampel evidence that the officers of the bank connived with the debtor Pryer in securing the signatures of the endorsers, it cannot be said that the verdict was manifestly against the weight of evidence.

3. As the bank did not return the former notes or security, the jury was justified in saying that

# CURRENT COURT OF APPAEAL CASES--Continued

the note in question was given without consideration.

4. On the trial of a civil action wherein the claim or defenes is based on an alleged fraud, the issue may be determined in accordance with the preponerance or weight of the evidence, whether the facts constituting the alleged fraud do or do not amount to an indictable offense.

Attorneys—Mather, Nesbitt & Willkie, for. Bank; Rockwell & Grant, and. Anderson. Ormsby & Kennedy, for Defs.